■ In the Matter of FRANCIS ALLMAN, Appellant, v. GREAT LAKES DREDGE & DOCK COMPANY et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision of the Workmen's Compensation Board, filed October 21, 1970, which held that claimant had waived his Federal rights pursuant to section 113 of the Workmen's Compensation Law, and that there had been no fraud or overreaching by the employer or its insurance carrier so as to invalidate such waiver. When this case was previously before this court (29 A D 2d 605), we held that claimant should have been afforded the opportunity to present evidence in support of his contention that there had been over-reaching and fraud on the part of the carrier's representative in inducing the claimant to waive his rights under Federal maritime law and, accordingly, reversed the decision of the Workmen's Compensation Board and remitted the matter to the board for further proceedings. Following our remand, the board held that the claimant understood the distinction between an accident occurring on navigable as opposed to nonnavigable waters, had the basis for a voluntary determination of remedies, and pursued his claim for workmen's compensation both individually and through counsel. Moreover, the board found that this action by the claimant constituted a knowing and voluntary waiver and that the waiver had been induced neither by fraud nor by overreaching. We find no basis on the instant record to disturb the board's decision. The issues involved are factual and depend largely on questions of credibility and were thus for the board's resolution. We cannot say its decision was not supported by substantial evidence and it should, therefore, be affirmed (*Matter of 'Braadt* v. *City of New York*, 21 A D 2d 957, affd. 15 N Y 2d 875). Decision affirmed, without costs. Staley, Jr., J. P., Cooke, Sweeney, Main and Reynolds, JJ., concur.